William D. Hyslop
United States Attorney
Eastern District of Washington
Brian M. Donovan
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>$15,000.00 U.S. CURRENCY,<br><br>　　　　　　　Defendant. | VERIFIED COMPLAINT FOR FORFEITURE *IN REM* |

　　Plaintiff, United States of America, by its attorneys, William D. Hyslop, United States Attorney for the Eastern District of Washington, and Brian M. Donovan, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

I. NATURE OF THE ACTION

　　1.　　This is an action to forfeit and condemn to the use and benefit of the United States of America the above-captioned Defendant property seized by the

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1

United States Postal Inspection Service for violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*.

## II. THE DEFENDANT(S) *IN REM*

2. The Defendant Property consists of the following property:

> $15,000.00 U.S. currency, seized by the United States Postal Inspection Service on May 20, 2020.

## III. JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

4. Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District.

## IV. BASIS FOR FORFEITURE

6. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 5 above.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2

7. The Defendant Property is liable to condemnation and forfeiture to the United States for its use, in accordance with the provisions of 21 U.S.C. § 881(a)(6), because it constitutes:  1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## V. FACTS

8. On or about May 20, 2020, United States Postal Inspection Service ("USPIS") Postal Inspectors conducted an Express Mail interdiction. This USPIS interdiction took place at the Spokane Processing and Distribution Center, located at 2928 South Spotted Road, Spokane, Washington. The interdiction targeted Express Mail parcels possibly containing narcotics or monetary proceeds derived from illegal drug trafficking activity.

9. On or about May 20, 2020, United States Postal Inspectors flagged a parcel ("Subject Parcel") they wanted to investigate further due to multiple suspicious characteristics, including that the parcel was addressed with a handwritten label, paid for with cash, no phone number was provided for the recipient, and no signature was required for delivery of the parcel. Based on the training and experience of USPIS inspectors, these characteristics were suspicious because legitimate businesses using

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3

the Express Mail service typically use pre-printed labels, whereas narcotics traffickers will often hand-write the labels. Additionally, payment with cash is suspicious because the use of a credit card would more likely enable law enforcement officers to connect the package to identifiable individuals. Also, narcotics traffickers choose not to include phone numbers so as not to enable law enforcement to trace their names or physical locations. Lastly, the fact that no signature was required upon delivery enables delivery to be tracked without affirmative acceptance by an individual who may be under investigation by law enforcement.

10.    The Subject Parcel was intended for delivery to "Ronald Strickland, 3328 N Stone St, Spokane, WA 99207." The return address listed on the Subject Parcel was "Mark Conway, 38 Eldred Ave, W Seneca, NY 14224." It was shipped on May 19, 2020 with a scheduled delivery date of May 20, 2020. Using United States Postal Service and law enforcement databases, Inspector Service personnel researched the return address listed on the Subject Parcel. Inspector Service personnel discovered that the address "38 Eldred Ave. Seneca, NY 14224" is a true and deliverable address. A record was returned at the address for an individual named Mark Conway.

11.    Inspector Service personnel also searched the recipient address and learned that "3328 N Stone St, Spokane, WA 99207" is a true and deliverable address, but the search did not return a record for Ronald Strickland, but rather for Gage Strickland. Within the last six months, a Chris Barcome and Gage Strickland have

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4

reported to the address. Ronald K Strickland last reported to the address in September 2018. Inspectors identified Ronald K Strickland (likely "Sr") as the intended recipient. A previous address showed Gage Strickland associated to 34008 N. Dunn Rd, Chattaroy, WA 99003. This previous address also listed a record for Ronald K Strickland. Both Ronald and Gage have reported mail to Ronald's most recent address at 34008 N Dunn Rd, Chatteroy, WA 99003.

12. On June 17, 2020, Inspection Service personnel followed up on an email request by calling the Hays Park station USPO in Spokane, Washington. The supervisor explained that it was a vacant route and they have multiple carriers deliver there. They wrote down names over several days and delivered mail to Gage Strickland and Shayla Strickland.

13. On May 20, 2020, to further the investigation, the assistance of U.S. Customs & Border Patrol Agent Michael Tafoya ("Agent Tafoya") and his certified controlled substance detection canine partner, "Buk," was requested by a Postal Inspector. Due to the suspicious characteristics of the Subject Parcel and those characteristics being associated with narcotics trafficking, Agent Tafoya and canine Buk tested whether the Subject Parcel had an odor of narcotics associated with it. In order to test this, a Postal Inspector placed the Subject Parcel and four other control parcels in an unoccupied hall, at the Spokane P&DC, outside the view of Agent Tafoya and canine Buk. Agent Tafoya then exposed canine Buk to the Subject Parcel

VERIFIED COMPLAINT FOR FORFEITURE IN REM - 5

and the four other control parcels. Agent Tafoya notified the Postal Inspector that canine Tessa alerted to the third parcel, which was the Subject Parcel.

14.   On May 20, 2020, Inspectors called the phone number listed on the mailing label for sender Mark Conway. A female answered and stated Mark Conway was not at home and she would have him return their call. Mark Conway never contacted the USPIS.

15.   On May 20, 2020, Inspectors researched and tried several phone numbers for Ronald Strickland. After several failed attempts, an individual who identified himself as Ronald Strickland answered. He stated to Inspectors that he was expecting a package from New York and sent to his son, Gage's, address. Mr. Strickland explained his father had a stroke a week ago and a friend had sent a sympathy card and a candle for his mother. Inspectors requested consent in order to verify the contents and make sure there were no contraband or non-mailable items inside. Ronald Strickland provided verbal consent by saying, "Yes."

16.   The Inspectors opened and located a greeting card in an envelope and a red Tuscany brand candle in glass jar. "Ron" was written on the outside of the envelope. They opened the card and written inside were, "See you soon, can't wait for Mich…" and "Ron, Sorry for the cheap candle, times are tough-". The card's pre-printed message, however, was more in line with a birthday card. The message said, "The bigger you get. The sweeter you grow." The Inspectors then broke the glass

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6

around the candle and located a hard object inside the wax. It had been wrapped in tape. The Inspectors removed red tape from the object, then black tissue paper and found vacuum-sealed plastic which contained $15,000 in U.S. Currency, the Defendant Property.

17. The Inspectors called Ronald Strickland back on May 20, 2020, and told him they found the Defendant Property. Strickland stated he should have been honest from the start. He then told them he was selling a "Reefer Ranger" machine for rolling hemp joints. He claimed the pieces and parts totaled about $5,000 for a machine and he had two more machines ready to be sent to Mark Conway the following week Strickland told Inspector to look up Reefer Ranger on the Internet. An Inspector found it and asked if he was the male in the picture. Strickland stated it was his business partner but could not recall Brad's last name. He also did not know the business address but gave the Inspector a reference of "Freya & Francis" area. Strickland also stated the entire industry is reliant on cash. He claimed he had been selling machines for Brad for a few months.

18. At this point, the Inspector informed him that he was seizing the money as proceeds of narcotics trafficking. He ended the call at 1:21 PM PST, May 20, 2020.

19. Thereafter, on May 20, 2020, the Inspector immediately called a phone number associated to Reefer Ranger. James "Brad" Hellman answered and was asked about his business. He stated he does not have a business partner and that he operates

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 7

Reefer Ranger under a legal LLC. He sells each machine from $2,600 - $3,600 and has been in business for about 3 years. His business sells two or more machines per day and that most customers pay with direct deposit through bank accounts and some pay with Postal Money Orders. When asked about cash transaction he stated he rarely accepts cash and if he did, it would have to be someone local.

20.   The Inspector asked Mr. Hellman about Ronald Strickland and he answered that he is a buddy who provides leads to him but this only started several weeks ago. Mr. Hellman told the Inspector that he does not consider Strickland a business partner and that Strickland does not engage in side transactions. Mr. Hellman reiterated that Strickland does not ship on behalf of Reefer Ranger and that most of his leads are for Oregon.

21.   Mr. Hellman informed the Inspector that Strickland has bought several machines but what he does with them are not his concern. When asked about the information on the mailing label and the contents and the way they were packaged, Mr. Hellman replied that he did not ship a machine to Mark Conway in Seneca, New York and he would never accept cash mailed discreetly from a customer. Mr. Hellman further stated he does not ship USPS and only ships through FedEx. He was sure he did not send or conduct business with Mark Conway.

22.   The Inspector received a voicemail a little later on May 20, 2020 from James Hellman. The Inspector returned his call on May 22, 2020. Mr. Hellman

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 8

informed the Inspector that Strickland had been conducting business on behalf of Reefer Ranger Mr. Hellman stated that he pays Strickland $200-$300 for every machine referred to him. Mr. Hellman went on to say that it had not been Strickland's idea to place the money in a candle and that the money should be returned to him. The Inspector refreshed Mr. Hellman's memory on the details and methods used to conceal the $15,000 in the candle and the additional layers of concealment. He then asked Mr. Hellman if he would ever accept currency in that manner. Mr. Hellman reiterated that he uses banks and "Doesn't want my business associated to this."

23. Inspectors processed the contents of the subject parcel. The Defendant Property totaled $15,000 consisting of 150 X $100 bills in U.S. Currency.

/
//
//
//
//
//
//
//
//
//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 9

## VI. CONCLUSION

WHEREFORE, Plaintiff requests that the Clerk of the Court issue a warrant for the arrest of the Defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the property; that the Defendant property be forfeited and condemned to the United States of America; that Plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

DATED this 5th day of November, 2020.

        William D. Hyslop
        United States Attorney

        *s/ Brian M. Donovan*
        Brian M. Donovan
        Assistant United States Attorney

## VERIFICATION

I, Nicholas R. Underhill, hereby verify and declare under penalty of perjury that I am a United States Postal Inspector with the United States Postal Inspection Service in Seattle, Washington, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except those matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 10

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States and information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a United States Postal Inspector.

I hereby verify and declare under penalty of perjury that the foregoing information is true and correct.

DATED this ___5th___ day of November 2020.

_____
Nicholas R. Underhill, U.S. Postal Inspector
United States Postal Inspection Service

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 11

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$15,000.00 U.S. Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Spokane
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Donovan, United States Attorney's Office, P.O. Box 1494, Spokane, WA  99210-1494, (509) 353-2767

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[x] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [x] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 853
Brief description of cause:
civil forfeiture of assets for controlled substance violations

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: November 5, 2020
SIGNATURE OF ATTORNEY OF RECORD
s/ Brian M. Donovan

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____